UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREEN HILLS DEVELOPMENT                                         PLAINTIFFS
COMPANY, LLC, ET AL.

V.                                            CIVIL ACTION NO. 3:19-CV-416-DPJ-FKB

OPPENHEIMER FUNDS, INC., ET AL.                                DEFENDANTS

ORDER

There are two motions seeking to strike Counterclaim Defendant Ben O. Turnage, Jr.'s

affirmative defenses.  Counterclaim Plaintiffs UMB Bank, N.A., and Oppenheimer Funds, Inc.,

jointly moved to strike 37 of the 49 affirmative defenses Turnage pleaded in response to

Counterclaim Plaintiffs' pleadings.  *See* Mot. [246].  Stonebridge Holdings I, LLC; Stonebridge

Holdings II, LLC; and Stonebridge Holdings III, LLC ("the Stonebridge LLCs") ask the Court to

strike 30 of the 45 affirmative defenses directed toward their counterclaims against Turnage.  *See*

Mot. [248].  As explained below, the motions are granted in part but otherwise denied.

I.        Facts and Procedural History

The parties and the Court are familiar with the factual background, so the Court will not

restate it.  Relevant to these motions, on August 4, 2020, the Court granted Counterclaim

Plaintiffs' motion to join Turnage as a counterclaim defendant.  Turnage appeared on September

2, 2020, filing motions to dismiss the counterclaims against him.  The Court denied those

motions on September 28, 2021, and Turnage answered the counterclaims and filed

counterclaims of his own on October 11, 2021.

Counterclaim Plaintiffs now seek an order striking most of Turnage's affirmative

defenses.  The affirmative defenses in the answers to the UMB and Oppenheimer counterclaims

are the same and bear the same paragraph numbers.  The affirmative defenses to the

counterclaims filed by the Stonebridge LLCs include many of the same disputed affirmative defenses, but there are a few differences, and the numbers do not track the other answers.  Those differences aside, the analysis is the same for the two motions.

II.    Standard

Motions to strike fall under Federal Rule of Civil Procedure 12(f), which states:  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "A Rule 12(f) motion serves to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'"  *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  But "[m]otions to strike defenses are generally disfavored and rarely granted."  *Solis v. Bruister*, No. 4:10-CV-77-DPJ-FKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (quoting *Bertoniere v. First Mark Homes, Inc.*, No. 2:09-CV-156-DCB-MTP, 2010 WL 729931, at *1 (S.D. Miss. Feb. 25, 2010)).

Affirmative defenses must be pled "with enough specificity *or* factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (emphasis added).[1]  "Striking an affirmative defense is warranted

---

[1] The notice standard stated in *Woodfield* could be at odds with the subsequently decided *Twombly* and *Iqbal* decisions.  *See Vargas v. HWC Gen. Maint., LLC*, No. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012) (noting potential conflict).  But the Fifth Circuit continues to require "specificity or factual particularity."  *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014); *see also Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 F. App'x 458, 465 (5th Cir. 2013); *Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*, 418 F. App'x 327, 330 (5th Cir. 2011); *Rogers v. McDorman*, 521 F.3d 381, 385–86 (5th Cir. 2008).

if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); *see also Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 150 (S.D. Miss. 2018) (citing *United States ex rel. Parkih v. Citizens Med. Ctr.*, 302 F.R.D. 416, 419 (S.D. Tex. 2014) (Costa, J.))).  "[I]n some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.  Finally, a motion to strike "generally should not be granted absent a showing of prejudice to the moving party." *Conn v. United States*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011).

III.    Analysis

A.    Timeliness

Turnage first argues that the motions to strike are untimely.  Rule 12(f)(2) provides that a motion to strike should be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  The affirmative defenses Counterclaim Plaintiffs wish to strike were contained in Turnage's answers to the counterclaims. The Federal Rules of Civil Procedure do not call for a response to an answer unless "the court orders one."  Fed. R. Civ. P. 7(a)(7).  So, the motions to strike were due within 21 days after Turnage filed his answers on October 11, 2021.  The motions to strike, filed on November 1, were timely.

B.    Merits

Counterclaim Plaintiffs argue that certain affirmative defenses must be stricken because they:  (1) merely deny the counterclaims and do not assert affirmative defenses; (2) lack factual support and are insufficiently pleaded; and (3) improperly reserve the right to amend while incorporating unspecified defenses.

1.      Factual Denials

Starting from the beginning, Counterclaim Plaintiffs are correct that "[a] denial that an essential element of a claim exists is not the same as an affirmative defense to the claim and need not be included in the answer under Rule 8(b)." *Am. Gooseneck, Inc. v. Watts Trucking Serv., Inc.*, No. 97-50969, 1998 WL 698937, at *4 (5th Cir. Sept. 16, 1998); *see Claybrook v. Shemper Seafood Co., Inc.*, No. 1:16-CV-189-HSO-JCG, 2018 WL 8805936, at *3 (S.D. Miss. July 25, 2018) ("An 'affirmative defense' assumes that though 'the plaintiff proves everything he alleges and asserts, even so, the defendant wins.'" (quoting *Hertz Com. Leasing Div. v. Morrison*, 567 So. 2d 832, 835 (Miss. 1990))).

> But the fact that [Turnage] pleaded more than was required merely gives
> [Counterclaim Plaintiffs] a roadmap for the issues [they] may face during
> discovery.  There is no prejudice.  And to the extent some defenses . . . may have
> been mislabeled as "affirmative defenses," "Rule 12(f) is not to be used to police
> the form of a pleading or to correct any misdesignations it might contain."

*Blount*, 328 F.R.D. at 151 (quoting 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.)).  This part of the motion is denied.

2.      Failure to Plead Sufficient Facts

Counterclaim Plaintiffs next attack a host of affirmative defenses for lack of sufficient factual allegations.[2]  The Court concludes that—much like Counterclaim Plaintiffs' own affirmative defenses—the disputed defenses appear to provide either "enough specificity *or* factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield*, 193 F.3d at 362 (emphasis added).  For example, defenses like Affirmative Defense No. 1 in the answer to UMB's counterclaim invoke commonly recognized defenses with

---

[2] Specifically, UMB and Oppenheimer assert this argument as to Affirmative Defenses 1 through 3, 5 through 14, 16, 17, 20 through 22, 24 through 29, 32 through 34, 36 through 39, 41, 44, 45, and 47 through 49.  *See* Mem. [247].  The Stonebridge LLCs attack Affirmative Defenses 3, 8, 9, 18, 25, 27, 31, 35, 36, 42, 43 and 45.  *See* Mem. [249].

specificity.  *See* Turnage Ans. to UMB [238] ¶ 1 ("UMB has no standing to sue Turnage for the claims and damages which it sets forth in its counterclaim.").  Other affirmative defenses provide notice based on particular facts.  *See id.* ¶ 29 ("UMB cannot assert a claim for slander of title against Turnage based on acts or omission which predate the purported title of the SPEs or any interest of UMB.").  This is a mature case, and, for the most part, these issues have been briefed or otherwise disputed.  Finally, Counterclaim Plaintiffs have not shown that these defenses fail as a matter of law. [3]

       3.       Reservation of Rights and Incorporation

In all three answers, Turnage attempts to reserve his right to amend his affirmative defenses while also incorporating defenses he did not specifically plead.  Each answer includes the following:

> Due to the lack of discovery, Turnage is without knowledge or information sufficient to form a belief at this time as to whether other affirmative defenses may apply in this cause of action.  Turnage reserves the right to amend his Answer and Affirmative Defenses and to assert any additional defenses that may become apparent following the completion of additional investigation and/or discovery.

Turnage Ans. to UMB [238] ¶ 49; *accord* Turnage Ans. to Oppenheimer [239] ¶ 49; Turnage Ans. to Stonebridge LLCs [237] at 8.

Turnage also reserves rights and incorporates defenses in other paragraphs.  For

---

[3] Counterclaim Plaintiffs fault Turnage for ignoring the statement in *Woodfield* that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." 193 F.3d at 362.  But *Woodfield* arose in a different context.  There, the defendant pleaded boilerplate defenses then attempted to pursue a more specific affirmative defense based on a consent-to-settle provision in a disputed insurance policy.  *Id.* at 361.  The Fifth Circuit held that "baldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question."  *Id.* at 362.  The Fifth Circuit did not address Rule 12(f).  That said, there are a few close calls in this part of the motions, and *Woodfield* may prove more relevant if Turnage later purses a defense for which his pleadings provide insufficient notice.

example, in all three answers, he states:

> With the facts not having been fully developed, Turnage incorporates all relevant affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

> Turnage reserves and/or invoke any and all defenses which are available or to which he is entitled pursuant to any applicable state and/or federal law and/or policies, standards, regulations, laws, statutes, authorities and/or ordinances.

Turnage Ans. to Stonebridge LLCs [236] ¶¶ 35, 36; *accord* Turnage Ans. to UMB [238] ¶¶ 36, 37; Turnage Ans. to Oppenheimer [238] ¶¶ 36, 37.   And in similar fashion, the answers incorporate by reference affirmative defenses asserted by Green Hills and by Turnage himself as to other parties.  *See* Turnage Ans. to Stonebridge LLCs [236] ¶ 45; Turnage Ans. to UMB [238] ¶¶ 47, 48; Turnage Ans. to Oppenheimer [238] ¶¶ 47, 48.

First, "[a] party cannot reserve the right to assert other affirmative defenses in the future. Rather, for a defendant to add an affirmative defense, the defendant must amend its pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure." *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *3 (S.D. Tex. July 24, 2017).  Second, incorporating dozens of affirmative defenses—without stating which ones supposedly apply— fails to provide adequate notice of the actual disputes and would only complicate an already complicated dispute thereby causing prejudice.  Counterclaim Plaintiffs' motions are granted as to these affirmative defenses.

IV.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Counterclaim Plaintiffs' Motions to Strike [246, 248] are granted as to those affirmative defenses purporting to reserve the right to amend and to incorporate other non-pleaded affirmative defenses.  The motions are otherwise denied.

**SO ORDERED AND ADJUDGED** this the 7th day of February, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE